**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIL' MAN IN THE BOAT, INC.,

Plaintiff-Appellant,

v.

AUK TA SHAA DISCOVERY, LLC,

Defendant-Appellee.

No.    16-17299

D.C. No. 3:16-cv-01471-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before:  SCHROEDER and OWENS,[**] Circuit Judges, and ELLIS,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    This case was submitted to a panel that included Judge Kozinski, who recently retired.  Following Judge Kozinski's retirement, Judge Owens was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h. Judge Owens has read the briefs, reviewed the record, and listened to oral argument.

[***]    The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

Lil' Man In The Boat, Inc. ("Lil' Man") seeks remedies for breach of contract, claiming defendant, Auk Ta Shaa Discovery, LLC ("Auk Ta Shaa"), wrongfully refused to deliver the Queen of Seattle vessel after the parties had allegedly orally agreed to the terms of a purchase. The District Court dismissed the action. We affirm because, even if the District Court erred in dismissing for lack of personal jurisdiction, Lil' Man failed to state a claim.

There are at least two reasons Lil' Man failed to state a claim. First, there was never any agreement as to the terms of the purchase. Although Lil' Man contends it accepted a "counter offer" from Auk Ta Shaa's broker, the broker's response to Lil' Man's offer was not a counter offer, but rather a suggestion that Lil' Man offer more money. Second, the alleged written and agreed-upon contractual terms did not contain the signature of Auk Ta Shaa or its broker as required by the statute of frauds. *See* Cal. Civ. Code § 1624.5(a) (requiring sale of personal property over $5,000 to be in writing and signed by party against whom enforcement is sought); *Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2*, 84 Cal. Rptr. 3d 275, 281 (Cal. Ct. App. 2008) ("A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent.").

**AFFIRMED.**

2